IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Westfield Insurance Company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Water Gremlin Company,<br><br>　　　　　　Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Case No. _____ |

---

Plaintiff Westfield Insurance Company ("Westfield"), for its Complaint for Declaratory Relief against Defendant Water Gremlin Company ("Water Gremlin"), states and alleges as follows:

## NATURE OF ACTION

1. In this action, Westfield seeks a declaration from this Court pursuant to 28 U.S.C. § 2201, of the rights and obligations of the parties to the Commercial General Liability Policy issued by Westfield as set forth in more detail below. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, an actual controversy exists because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy as to warrant judicial relief.

## PARTIES TO THIS ACTION

2. Westfield Insurance Company ("Westfield") is a corporation organized under the laws of the State of Ohio, with its principal place of business at One Park Circle, Westfield Center, Ohio. At all times relevant hereto, Westfield insured Water Gremlin under a policy which included Commercial General Liability and Umbrella coverage.

1

3. Defendant Water Gremlin Company ("Water Gremlin") is a Minnesota corporation with a principal place of business at 4400 Otter Lake Road, White Bear Township, Minnesota 55110.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C.§ 1332 (a) and (c)(1) because there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the fair value of $75,000, exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims against Water Gremlin and Westfield's claim for declaratory judgment occurred in the district of Minnesota.

## THE UNDERLYING CLAIMS

6. By means of a letter dated April 7, 2022, Amber Curry asserted a claim against Water Gremlin (the "Curry Claim"). A true and correct copy of that letter (with medical and other private information redacted) is appended hereto as Exhibit A.

7. The Curry Claim asserts that Curry's minor child "J.C." sustained personal injuries in 2018 as a result of exposure to lead. The exposure is alleged to have occurred as a result of the minor child's father Jamokia Curry's exposure to lead during his employment at Water Gremlin's facility located at 4400 Otter Tail Road, White Bear Township, Minnesota, 55110.

8. The Curry Claim sought monetary relief for medical expenses, educational costs, lost wages, loss of future earnings and punitive damages.

9. Water Gremlin tendered the defense of the Curry Claim to Westfield, which hired defense counsel for Water Gremlin under a reservation of rights.

10. Westfield and Water Gremlin have now settled the Curry Claim, but Westfield reserved its right to seek a declaration whether it owes a duty to indemnify Water Gremlin regarding the Curry

2

Claim, and to seek reimbursement by Water Gremlin of amounts Westfield paid to settle the Curry Claim.

## THE WESTFIELD INSURANCE COMPANY POLICY

11. Westfield issued consecutive annual Commercial policies to Water Gremlin, with an original inception date of 08/01/2007, bearing policy number TRA – 4036001, with the first policy containing an effective date of 08/01/2007 and an expiration date of 08/01/2008, and the last policy containing an effective date of 08/01/2020 and an expiration date of 08/01/2021 (together the "Policy").  Exhibit B hereto is a true and correct copy of the relevant portions of Water Gremlin's Westfield policies.

12. The Commercial General Liability ("CGL") portion of the Policy is written on form CG 00 01 04 13, and its Insuring Agreement for coverage A provides in relevant part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
>    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:
>
>       **(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
>
>       **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

4

13. Coverage under the Policy's GCL Form is subject to the following exclusions:

   **2. Exclusions**

   This insurance does not apply to:

   a. Expected Or Intended Injury

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force for the purpose of protecting persons or property.[1]

   * * *

   e. Employer's Liability

   "Bodily injury" to:

   **(1)** An "employee" of the insured arising out of and in the course of:

   (a) Employment by the insured; or

   (b) Performing duties related to the conduct of the insured's business; or

   **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

   This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

   This exclusion does not apply to liability assumed by the insured under an "insured contract."

   * * *

   f. Pollution

   **(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

   (a) At or from any premises, site or location which is or was at any time

---

[1] As modified by Endorsement Form CG 71 35 11 12.

owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

**(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(b)** At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

**(c)** Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:

**(i)** Any insured; or

**(ii)** Any person or organization for whom you may be legally responsible; or

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor. However, this subparagraph does not apply to:

**(i)** "Bodily injury" or "property damage" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This

6

       exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

    **(ii)** "Bodily injury" or "property damage" sustained within a building and caused by the release of gases, fumes or vapors from materials brought into that building in connection with operations being performed by you or on your behalf by a contractor or subcontractor; or

    **(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire".

 **(e)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants".

**(2)** Any loss, cost or expense arising out of any:

 **(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

 **(b)** Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

14. The following definitions apply to CGL coverage under the Policy:

   **SECTION V – DEFINITIONS**

                                        \* \* \*

    **3.** "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".[2]

* * *

    **6.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker".

* * *

    **10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

* * *

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

    **15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

* * *

    **19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

15.    The Policy contains various Endorsements that may also apply to the Claim. Policy years 08/01/2015 to 08/01/2016, 08/01/2016 to 08/01/2017, 08/01/2019 to 08/01/2020, and 08/01/2020 to 08/01/2021 contain the following Endorsement Form IL 70 13 12 06:

<b>EXCLUSION – LEAD</b>

    This endorsement modifies insurance provided under the following:

---

[2] As modified by Endorsement Form CG 71 35 11 12.

> BUSINESSOWNERS COVERAGE FORM
> FARM LIABILITY COVERAGE FORM
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
> FARMOWNERS-RANCHOWNERS POLICY PERSONAL LIABILITY FORM
> OWNERS', LANDLORDS' AND TENANTS' LIABILITY INSURANCE COVERAGE PART
> FARMER'S COMPREHENSIVE PERSONAL INSURANCE COVERAGE PART
> COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
>
> This insurance does not apply to:
>
> **(1)** "Bodily injury", "property damage", "personal injury" or "personal and advertising injury" arising out of lead poisoning, lead contamination or exposure to lead.
>
> **(2)** Any loss, cost or expense arising out of any:
>
> **a.** Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of lead; or
>
> **b.** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of lead.

16. Policy years 08/01/2019 to 08/01/2020 and 08/01/2020 to 08/01/2021 contain the following Endorsement Form CG 21 55 09 99:

### TOTAL POLLUTION EXCLUSION

### WITH A HOSTILE FIRE EXCEPTION

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> Exclusion f. under Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:
>
> This insurance does not apply to:
>
> **f.** Pollution

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

This exclusion does not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire" unless that "hostile fire" occurred or originated:

**(a)** At any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste; or

**(b)** At any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or in any way respond to, or assess the effects of, "pollutants".

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants".

17. The Commercial Liability Umbrella portion of the Policy is written on form CU 00 01 04 13, and its Insuring Agreement for coverage A provides in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted.

When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend. But:

(1) The amount we will pay for the "ultimate net loss" is limited as described in Section III - Limits Of Insurance; and

(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

**b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable "retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

**c.** This insurance applies to "bodily injury" or "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1.a. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**d.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1.a. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice

11

  of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

 **e.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1.a. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

  (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

  (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

  (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

 **f.** Damages because of "bodily injury" include damages claimed by any person by organization for care, loss of services or death resulting at any time from the "bodily injury".

18. Coverage under the Policy's Umbrella Form is subject to the following exclusions:

 **2. Exclusions**

 This insurance does not apply to:

 **a. Expected or Intended Injury**

  "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

 **g. Employer's Liability**

  "Bodily injury" to:

  **(1)** An "employee" of the insured arising out of and in the course of:

   **(a)** Employment by the insured; or

   **(b)** Performing duties related to the conduct of the insured's business; or

  **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

12

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

With respect to injury arising out of a "covered auto", this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits. For the purposes of this insurance, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

This exclusion does not apply to the extent that valid "underlying insurance" for the employer's liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury". To the extent this exclusion does not apply, the insurance provided under this Coverage Part for the employer's liability risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.

* * *

**i. Pollution**

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

**(2)** "Pollution cost or expense".

This exclusion does not apply if valid "underlying insurance" for the pollution liability risks described above exists or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage". To the extent this exclusion does not apply, the insurance provided under this Coverage Part for the pollution risks described above will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance", unless otherwise directed by this insurance.

19. The following definitions apply to Umbrella coverage under the Policy:

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any

time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

\* \* \*

6. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Pollution cost or expense" means any loss, cost or expense arising out of any:

   a. Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

   b. Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

20. The Umbrella Form contains the following Endorsement Form CU 21 25 12 01:

**TOTAL POLLUTION EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
Exclusion i. under Paragraph **2.**, **Exclusions** of **Section I** - **Coverage A** - **Bodily Injury And Property Damage Liability** is replaced by the following:

This insurance does not apply to:

i. **Pollution**

   **(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge,

14

> dispersal, seepage, migration, release or escape of "pollutants" at any time; or
>
> **(2)** "Pollution cost or expense".

## REQUEST FOR DECLARATORY RELIEF

21.   Westfield repeats, reiterates and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

22.   A controversy of a justiciable nature has arisen between the parties as to whether the Westfield Policy provides coverage to Water Gremlin for the Curry Claim.

23.   This Complaint for Declaratory Relief is properly initiated pursuant to 28 U.S.C. § 2201 to obtain a determination as to whether or not Westfield is obligated under its policy to indemnify Water Gremlin against the Curry Claim based on lead exposure at the Water Gremlin facility.

24.   The Policy contains definitions of "Pollutants" that includes any solid irritant or contaminant, including chemicals and waste.

25.   Lead that was dispersed, migrated, released or escaped from Water Gremlin's facility is a "pollutant" under the Policy.

26.   The Policy contains exclusions entitled "Pollution" that preclude coverage for any "Bodily injury" or "property damage" "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'" or "which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

27.   The alleged bodily injuries and damages at issue in the Curry Claim were allegedly caused by the release, migration, escape or dispersal of lead from the Water Gremlin facility.

28.   Accordingly, Westfield is entitled to a declaration that Westfield is not obligated to indemnify Water Gremlin in connection with the Curry Claim, and that coverage for the settlement

amount reached in the Curry Claim is excluded pursuant to the Pollution exclusions in Westfield's Policy, and therefore Water Gremlin must reimburse the amounts Westfield paid to settle the Curry Claim.

29. Westfield asserts that there may be other bases upon which to deny coverage to Water Gremlin. Westfield's service of this Complaint should not be construed as a waiver of any policy provisions, terms or considerations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Westfield Insurance Company prays for judgment as follows:

1. Declaring and adjudging that Westfield has no obligation to indemnify Water Gremlin with respect to any damages, attorneys' fees or costs incurred with respect the Curry Claim.

2. Declaring and adjudging that Water Gremlin must reimburse Westfield for amounts Westfield paid to settle the Curry Claim.

3. Providing such other and further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Westfield demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**GOETZ & ECKLAND P.A.**

DATED: July 20, 2023

By /s/ Michael S. Rowley
Michael S. Rowley (250934)
Attorneys for Plaintiff Westfield Insurance Company
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN  55413
(612) 874-1552
mrowley@goetzeckland.com